AARON D. FORD
  Attorney General
Akke Levin (Bar No. 9102)
  Senior Deputy Attorney General
Katlyn M. Brady (Bar No. 14173)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3420 (phone)
(702) 486-3773 (fax)
alevin@ag.nv.gov
katlynbrady@ag.nv.gov

*Attorneys for Defendants*
*Gary Piccinini, Bryan Shields, Dwight Neven,*
*Joel Tyning, Nevada Department of Corrections,*
*Jane Balao, Christopher Shields,*
*and Rosemarie McCrary*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BONNIE LOPEZ, individually as sister and Special Administrator for the Estate of MELODY MORGAN, deceased; COLLEEN LACKEY, individually as mother of MELODY MORGAN, deceased, | Case No.  2:21-cv-01161-JAD-BNW |
| Plaintiffs, | |
| vs. | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |
| THE STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF CORRECTIONS, WARDEN DWIGHT NEVEN, individually; GARY PICCININI, ASSISTANT WARDEN, individually; BRYAN SHIELDS, individually; OFFICER JOEL TYNNING, individually; OFFICER KARISSA CURRIER; OFFICER JAZMINA FLANAGAN; NURSE JANE BALAO; NURSE BRIGIDO BAYAWA; NURSE LEILANI FLORES; NURSE ROSEMARY MCCRARY; NURSE MA LITA SASTRILLO; NURSE CHRIS SHIELDS; DOES I through X; and ROE ENTITIES I through X, inclusive, | |
| Defendants. | |

. . .

Defendants Gary Piccinini, Bryan Shields, Dwight Neven, Joel Tyning, Nevada Department of Corrections ("NDOC"), Jane Balao, Christopher Shields, and Rosemarie McCrary (collectively Defendants"), by and through counsel, answer Plaintiffs' First Amended Complaint ("FAC") as follows:

## I.

## INTRODUCTION

1.      Paragraph 1 alleges only legal conclusions and no facts that require a response.  To the extent a response is required, Defendants deny the allegations.

## II.

## JURISDICTION AND VENUE

2.      Paragraph 2 alleges legal conclusions and no facts that require a response.  To the extent a response is required, Defendants deny the allegations.

3.      Paragraph 3 alleges legal conclusions and no facts that require a response.

4.      Defendants deny the allegations made in paragraph 4.

5.      Paragraph 5 alleges legal conclusions which do not warrant a response.

6.      Paragraph 6 contains a jury demand, which does not warrant a response.

## III.

## THE PARTIES

7.      As to the first two sentences of paragraph 7, defendants NDOC, Neven, Bryan Shields, Piccinini, and Tyning admit that Bonnie Lopez is Melody Morgan's sister but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in this paragraph and therefore deny them.  Defendants Jane Balao, Christopher Shields, and Rosemarie McCrary lack knowledge or information sufficient to form a belief as to the truth of the allegations made in those sentences and therefore deny them.  The last sentence of paragraph 7 contains legal conclusions, which require no response.  To the extent a response is required, Defendants deny the allegations made therein.

. . .

8.     As to the first two sentences of paragraph 8, defendants NDOC, Neven, Bryan Shields, Piccinini, and Tyning admit that Colleen Lackey (Lackey) is Melody Morgan's mother but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations made therein and therefore deny them. Defendants Jane Balao, Christopher Shields, and Rosemarie McCrary lack knowledge or information sufficient to form a belief as to the truth of the allegations made in the first two sentences of paragraph 8 and therefore deny them.  The last sentence of paragraph 8 of the FAC states legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations made therein.

9.     As to paragraph 9, Defendants admit that Gary Piccinini was the Associate Warden at Florence McClure Women's Correctional Center (FMWCC) and is a Nevada resident and deny the remainder of the allegations made in that paragraph.

10.     As to paragraph 10, Defendants admit that Dwight Neven was warden of FMWCC and is a Nevada resident and deny the remainder of the allegations made in that paragraph.

11.     As to paragraph 11, Defendants admit that Bryan Shields is and was at all relevant times employed by NDOC and is a resident of Nevada.

12.     As to paragraph 12, Defendants admit that Joel Tyning was employed by NDOC and is a Nevada resident, and deny the remainder of the allegations made therein.

13.     Defendants admit the allegations of paragraph 13.

14.     As to paragraph 14, Defendants admit that Jazmina Flanigan was employed by NDOC and is a Nevada resident, and deny the remainder of the allegations made therein.

15.     Defendants admit the allegations made in paragraph 15.

16.     Defendants admit the allegations made in paragraph 16.

17.     Defendants admit the allegations made in paragraph 17.

. . .

. . .

18.     As to paragraph 18, Defendants admit that Rosemarie McCrary was employed by NDOC and is a Nevada resident, and deny the remainder of the allegations made therein.

19.     Defendants admit the allegations made in paragraph 19.

20.     Defendants admit the allegations made in paragraph 20.

21.     Paragraph 21 states no facts against Defendants that require a response.

22.     Defendants admit the allegations made in paragraph 22.

23.     Paragraph 23 contains vague legal allegations and conclusions in the alternative that do not warrant a response.  To the extent any of the allegations made in paragraph 23 require a response, Defendants deny them.

24.     Defendants deny the allegations made in paragraph 24 of the FAC.

25.     Paragraph 25 contains vague legal conclusions in the alternative that do not warrant a response.  To the extent these legal allegations require a response, they are denied.  Defendants admit only that the individual Defendants were employees of NDOC.

26.     Paragraph 26 contains only vague legal conclusions which do not require a response. To the extent a response is required, Defendants deny each allegation made therein.

27.     Paragraph 27 states no facts requiring a response.

## IV.

## FACTUAL ALLEGATIONS

28.     As to paragraph 28, Defendants admit that Melody Morgan was born on March 24, 1993 in California and moved to Las Vegas, Nevada.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations made in paragraph 28 and therefore deny them.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 29 and therefore deny each of them.

. . .

. . .

30.     As to paragraph 30, Defendants admit Morgan received Social Security benefits. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations made in this paragraph and therefore deny them.

31.     As to paragraph 31, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in this paragraph and therefore deny each of them.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 32 of the FAC and therefore deny each of them.

33.     As to paragraph 33, Defendants admit Morgan was arrested in November of 2012 for three category B felonies.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 34 and therefore deny each of them.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 35 and therefore deny each of them.

36.     As to paragraph 36, Defendants admit that Melody Morgan entered a guilty plea on three category B felonies in December 2013, that she was sentenced to several years of prison, and that she was incarcerated within NDOC at FMWCC.

37.     Defendants deny the allegations made in paragraph 37.

38.     As to paragraph 38, Defendants admit that Melody Morgan was transferred to the Jean Conservation Camp ("JCC") in or about January of 2018 and deny the remainder of the allegations made in this paragraph.

39.     As to paragraph 39, Defendants admit that Melody Morgan walked away from JCC on April 18, 2018 with another inmate.

40.     As to paragraph 40, Bryan Shields admits that on or about April 19, 2018, he contacted Ms. Lackey about locating Melody Morgan; that on or about April 26, 2018 when Morgan was recaptured, Ms. Lackey told him that Melody Morgan had committed suicide in the past and had mental issues; and that she asked him if Morgan could be put on suicide watch.  Bryan Shields denies the remainder of the allegations made in paragraph 40.  The

other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 40 and therefore deny them.

41. As to paragraph 41, Bryan Shields admits that on April 26, 2018, he told Ms. Lackey that he would inform the institution about Morgan's mental health issues and request that she be put on suicide watch and denies the remainder of the allegations made in that paragraph. The other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 41 and therefore deny each of them.

42. As to paragraph 42, Bryan Shields admits the allegations made in the first sentence of that paragraph. As to the second sentence of paragraph 42, Bryan Shields admits that Ms. Lackey told him she did not want Morgan to know that she had assisted in locating her and denies the remainder of the allegations made therein. The other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 42 and therefore deny each of them.

43. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 43 and therefore deny them.

44. As to paragraph 44, Bryan Shields admits that on April 26, 2018, Ms. Lackey told him where Melody Morgan was at that time. The other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 42 and therefore deny each of them

45. As to paragraph 45, Defendants admit that Morgan was located and arrested on April 26, 2018 and deny the remainder of the allegations made therein.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 46 and therefore deny them.

47. As to paragraph 47, Bryan Shields admits that on April 26, 2018, when Morgan was recaptured, Ms. Lackey told him that Melody Morgan had committed suicide in the past and had mental issues; that she asked him if she could be put on suicide watch; and that he told Ms. Lackey that he would inform the institution about Morgan's mental

health issues and request that she be put on suicide watch. Bryan Shields denies the remainder of the allegations made in this paragraph. The other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 47 and therefore deny them.

48. As to paragraph 48, Bryan Shields admits that he called Karissa Currier and told her that Ms. Lackey had said that Melody Morgan was suicidal in the past and asked Ms. Currier if Morgan could be put on suicide watch and denies the remainder of the allegations made in that paragraph. The other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 48 and therefore deny them.

49. As to paragraph 49, Defendants admit that Karissa Currier testified during her deposition that she called and spoke to Jazmina Flanigan after speaking with Bryan Shields, but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations made in paragraph 49 and therefore deny them.

50. As to paragraph 50, Defendants admit that Jazmina Flanigan testified during her deposition that Karissa Currier did not call her about Melody Morgan being at risk of committing suicide but Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations made in paragraph 50 and therefore deny them.

51. As to paragraph 51, Defendants admit that on April 26, 2018, Melody Morgan was transported to FMWCC.

52. Defendants Bryan Shields, Neven, and Piccinini deny the allegations made in paragraph 52 to the extent they pertain to them and are without knowledge or information sufficient to form a belief about the truth of the allegations made against other defendants in paragraph 52 and therefore deny them. Paragraph 52 makes no allegations against the remaining answering Defendants and therefore requires no response by them; to the extent a response is required, they lack knowledge or information sufficient to form a belief about the truth of the remaining allegations made in paragraph 52 and therefore deny them.

53.   As to paragraph 53, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made therein and therefore deny them.

54.   Paragraph 54 alleges conduct by individuals other than Defendants and contains legal conclusions and opinions that do not require a response.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 54 and therefore deny the allegations made therein, as well as those allegations and opinions made in the alleged "Affidavit of Merit" by Kimberly M. Pearson to which paragraph 54 refers.

55.   As to Paragraph 55, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made therein and therefore deny them.

56.   As to Paragraph 56, Defendants admit that Melody Morgan was found unresponsive in her cell on April 28, 2018 and deny the remainder of the allegations made in this paragraph.

57.   Paragraph 57 contains legal conclusions that do not require a response.  To the extent a response is required, Defendants deny the allegations made in this paragraph.

58.   As to paragraph 58, Defendants admit that Morgan was found with a bedsheet around her neck and are without knowledge or information sufficient to form a belief about the truth of the remaining allegations made therein and therefore deny them.

59.   As to paragraph 59, defendants Christopher Shields, Jane Balao, and Rosemarie McCrary admit that an emergency response with life-saving measures was initiated; that nursing staff cut the bed sheet with nurses bandage scissors and lowered Melody Morgan to the floor; and that they and medical staff initiated resuscitative efforts, and deny the remainder of the allegations made in that paragraph.  The other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 59 and therefore deny them.

. . .

60.     As to paragraph 60, defendants Christopher Shields, Jane Balao, and Rosemarie McCrary admit that CPR compressions and AED (automatic external defibrillator) were administrated, deny that the measures were ineffective, and deny the remainder of the allegations made in that paragraph.  The other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 60 and therefore deny them.

61.     Defendants admit the first sentence of paragraph 61 but lack knowledge or information sufficient to form a belief about the truth of the remaining allegations made in paragraph 61 and therefore deny them.

62.     As to paragraph 62, Defendants admit that life-saving efforts at UMC failed, and that Morgan was pronounced dead on April 28, 2018.

63.     Defendant Piccinini denies the allegations made in paragraph 63.  The other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 63 and therefore deny them.

64.     Paragraph 64 contains vague legal conclusions and conclusory allegations which do not warrant a response. To the extent a response is required, Defendants deny the conclusions and allegations of this paragraph.

65.     Paragraph 65 contains legal conclusions and conclusory allegations which do not warrant a response. To the extent a response is required, Defendants deny the conclusions and allegations of this paragraph.

66.     Paragraph 66 contains legal conclusions and conclusory allegations which do not warrant a response. To the extent a response is required, Defendants deny the conclusions and allegations of this paragraph.

67.     Paragraph 67 contains legal conclusions and conclusory allegations which do not warrant a response. To the extent a response is required, Defendants deny the conclusions and allegations of this paragraph.

. . .

. . .

68.     Paragraph 68 contains legal conclusions and conclusory allegations in the alternative which do not warrant a response. To the extent a response is required, Defendants deny the conclusions and allegations of this paragraph.

69.     Paragraph 69 states an incomplete legal conclusion and does not require a response.  To the extent a response is required, the allegation is denied.

70.     Paragraph 70 makes vague legal conclusions that do not require a response. To the extent they do, Defendants deny the allegations.

71.     Paragraph 71 makes vague legal conclusions and conclusory allegations against all Defendants collectively that do not require a response.  To the extent a response is required, Defendants deny each allegation made in paragraph 71.

## V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**42 U.S.C. § 1983 – EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED**
**PLAINTIFF ESTATE AGAINST ALL DEFENDANTS EXCEPT NDOC**

72.     As to paragraph 72, Defendants reallege and incorporate their answers from the prior paragraphs as if fully set forth herein.

73.     Paragraph 73 states generalities and abstract legal conclusions, which do not warrant a response.  To the extent the paragraph purports to allege facts, the allegations are denied.

74.     Paragraph 74 contains a legal conclusion which does not warrant a response. To the extent the paragraph purports to allege facts, the allegations are denied.

75.     Defendants deny the allegations made in paragraph 75.

76.     Defendants deny the allegations made in paragraph 76.

77.     Paragraph 77 contains allegations about Currier and Flanigan as to which Defendants lack knowledge or information sufficient to form a belief about their truth and therefore deny them.  To the extent paragraph 77 addresses alleged conduct by Defendants, the allegations are denied.

78.     Paragraph 78 contains conclusory legal allegations which do not warrant a response; to the extent the paragraph makes any factual allegations, they are denied.

79.     Defendants deny the allegations made against them in paragraph 79.

80.     Defendants deny the allegations made in paragraph 80.

81.     Defendants deny the allegations made against them in paragraph 81.

82.     Defendants deny the allegations made against them in paragraph 82.

83.     Defendants Balao, Christopher Shields, and McCrary deny the allegations made against them in paragraph 83, which are conclusory and fail to identify which of the six "Nursing Defendants" allegedly did what.   The other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 83 and therefore deny them.   Defendants are without knowledge or information to form a belief as to the truth of the allegations pertaining to the other unidentified "Nursing Defendants" in paragraph 83 and therefore deny them.

84.     Defendants deny the allegations made in paragraph 84.

85.     Paragraph 85 states legal conclusions which do not warrant a response; to the extent the paragraph purports to attribute any alleged conduct to the Defendants, the allegations are denied.

86.     Defendants Tyning, Balayo, Christopher Shields, and McCrary deny each of the allegations made in paragraph 86 to the extent they pertain to them.   As to allegations pertaining to Currier and other Nursing Defendants, Tyning, Balayo, Christopher Shields, and McCrary lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.   The other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 86 and therefore deny them.

87.     The first sentence of paragraph 87 makes no allegations against Defendants and the second contains legal conclusions which do not warrant a response.   To the extent the allegations of paragraph 87 purport to attribute any alleged conduct to Defendants, the allegations are denied.

88.     Paragraph 88 makes conclusory allegations in the alternative against Tyning and unidentified Nursing Defendants which cannot be fairly answered and therefore defendants Tyning, Balao, Christopher Shields, and McCrary deny the allegations made in paragraph 88.  The other answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations made in paragraph 88 and therefore deny them.

89.     Defendants deny the allegations made against them in paragraph 89.

90.     Defendants deny the allegations made against them in paragraph 90.

91.     Defendants deny the allegations made against them in paragraph 91.

## SECOND CAUSE OF ACTION

**LOSS OF FAMILIAL ASSOCIATION 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS**
**PLAINTIFF LACKEY AGAINST ALL DEFENDANTS EXCEPT DEFENDANT NDOC**

92.     As to paragraph 92, Defendants reallege and incorporate their answers to the prior paragraphs as if fully set forth herein.

93.     Defendants NDOC, Neven, Bryan Shields, Piccinini, and Tyning admit the allegation made in paragraph 93.  The other answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and therefore deny it.

94.     Paragraph 94 states a legal conclusion which does not warrant a response.  To the extent a response is required, Defendants deny the allegations.

95.     Defendants deny the allegations made against them in paragraph 95.

96.     Defendants deny the allegations made against them in paragraph 96.

97.     Defendants deny the allegations made against them in paragraph 97.

. . .

. . .

. . .

1

## THIRD CAUSE OF ACTION

2

### NEGLIGENCE
### AGAINST ALL DEFENDANTS

3

4    98.    As to paragraph 98, Defendants reallege and incorporate their answers to the

5    prior paragraphs as if fully set forth herein.

6    99.    Defendants deny the allegations made against them in paragraph 99.

7    100.    Defendants Balao, McCrary, and Chris Shields deny the allegations made

8    against them in paragraph 100. The other answering Defendants lack knowledge or

9    information sufficient to form a belief as to the truth of the conclusory allegations made in

10    paragraph 100 and therefore deny them.

11    101.    Defendants deny the allegations made against them in paragraph 101.

12    102.    Defendants deny the allegations made against them in paragraph 102.

13    103.    Defendants deny the allegations made against them in paragraph 103.

14    ## FOURTH CAUSE OF ACTION

15    ### WRONGFUL DEATH
### AGAINST ALL DEFENDANTS

16

17    104.    As to paragraph 104, Defendants reallege and incorporate all their answers

18    to the prior paragraphs as if fully set forth herein.

19    105.    Paragraph 105 states a legal conclusion which does not warrant a response;

20    to the extent the paragraph purports to allege conduct against the Defendants, the

21    allegations are denied.

22    106.    Defendants deny the allegations made against them in paragraph 106.

23    107.    Defendants deny the allegations made against them in paragraph 107.

24    108.    Defendants deny the allegations made against them in paragraph 108.

25    109.    Defendants deny the allegations made against them in paragraph 109.

26    110.    Defendants deny the allegations made against them in paragraph 110.

27    . . .

28    . . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIFTH CAUSE OF ACTION

### GROSS NEGLIGENCE
### AGAINST ALL DEFENDANTS

111.   As to paragraph 111, Defendants reallege their answers to the prior paragraphs as if fully set forth herein.

112.   Paragraph 112 states a legal conclusion which does not warrant a response; to the extent the paragraph purports to allege conduct against Defendants, the allegations are denied.

113.   Defendants deny the allegations made against them in paragraph 113.

114.   Defendants deny the allegations made against them in paragraph 114.

115.   Defendants deny the allegations made against them in paragraph 115.

116.   Defendants deny the allegations made against them in paragraph 116.

## SIXTH CAUSE OF ACTION

### NEGLECT OF VULNERABLE PERSON
### AGAINST ALL DEFENDANTS

117.   As to paragraph 117, Defendants reallege and incorporate their answers to the prior paragraphs as if fully set forth herein.

118.   Paragraph 118 contains a legal conclusion that requires no response.  To the extent Plaintiffs purport to allege any conduct, Defendants deny the allegations made against them.

119.   Paragraph 119 contains legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations.

120.   Paragraph 120 contains a legal conclusion that requires no response. To the extent a response is required, Defendants deny the allegations made in this paragraph.

121.   Defendants deny the allegations made against them in paragraph 121.

122.   Defendants deny the allegations in paragraph 122.

123.   Defendants deny the allegations in paragraph 123.

. . .

**SEVENTH CAUSE OF ACTION**

**NEGLIGENT HIRING, TRAINING, SUPERVISORY AGAINST DEFENDANTS NDOC AND NURSES FLORES, AND SASTRILLO**

124.   As to paragraph 124, Defendants reallege and incorporate their answers to the prior paragraphs as if fully set forth herein.

125.   Paragraph 125 contains legal conclusions that require no response.  To the extent Plaintiffs purport to allege any conduct by NDOC, NDOC denies the allegations.

126.   Paragraph 126 contains conclusory allegations about unidentified individuals that cannot fairly be answered, and therefore NDOC denies each allegation made therein.

127.   Paragraph 127 contains conclusory allegations about unidentified individuals that cannot fairly be answered, and therefore NDOC denies each allegation made therein.

128.   NDOC denies the allegations made in paragraph 128.

129.   NDOC denies the allegations made in paragraph 129.

130.   NDOC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 130 and therefore denies them.

131.   NDOC lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 131 and therefore denies them.

132.   NDOC denies the allegations made in paragraph 132.

133.   NDOC denies the allegations made in paragraph 133.

**EIGHTH CAUSE OF ACTION**

**PROFESSIONAL NEGLIGENCE
AGAINST DEFENDANT NURSING DEFENDANTS**

134.   As to paragraph 134, Defendants reallege and incorporate their answers to the prior paragraphs as if fully set forth herein.

135.   Paragraph 135 states legal conclusions that do not warrant a response. To the extent any response is required, Balao, McCrary, and Christopher Shields deny the allegations made against them. To the extent paragraph 135 makes allegations against . . .

other Nursing Defendants, Balao, McCrary, and Chris Shields lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

136.   Paragraph 136 states a legal conclusion which does not warrant a response; to the extent the paragraph makes a factual assertion, the allegation is denied.

137.   Defendants Balao, McCrary, and Chris Shields deny the allegations made against them in paragraph 137. To the extent paragraph 137 makes allegations against other Nursing Defendants, Balao, McCrary, and Chris Shields lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

138.   Defendants Balao, McCrary, and Chris Shields deny the allegations made against them in paragraph 138. To the extent paragraph 138 makes allegations against other Nursing Defendants, Balao, McCrary, and Chris Shields lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

139.   Defendants Balao, McCrary, and Chris Shields deny the allegations made against them in paragraph 139 and Exhibit 1 to the FAC.  To the extent paragraph 139 or Exhibit 1 to the FAC make allegations against other Nursing Defendants, Balao, McCrary, and Chris Shields lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

140.   Defendants Balao, McCrary, and Chris Shields deny the allegations made against them in paragraph 140. To the extent paragraph 140 makes allegations against other Nursing Defendants, Balao, McCrary, and Chris Shields lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

141.   Defendants Balao, McCrary, and Chris Shields deny the allegations made against them in paragraph 141.  To the extent paragraph 141 makes allegations against other Nursing Defendants, Balao, McCrary, and Chris Shields lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

142.   Defendants Balao, McCrary, and Chris Shields deny all allegations made against them in paragraph 142, including Plaintiffs' alleged damages.  To the extent paragraph 142 makes allegations against other Nursing Defendants, Balao, McCrary, and

Chris Shields lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

143.    Defendants Balao, McCrary, and Chris Shields deny all allegations made against them in paragraph 143, including Plaintiffs' alleged damages.   To the extent paragraph 143 makes allegations against other Nursing Defendants, Balao, McCrary, and Chris Shields lack knowledge or information sufficient to form a belief as to their truth and therefore deny them.

144.    Defendants deny the allegations made in paragraph 144.

145.    As to Plaintiffs' prayer for relief, Defendants deny they are liable for punitive damages or any other forms of alleged damages, fees, interest, or costs, and deny Plaintiffs' prayer for relief and each allegation made therein in its entirety.

146.    Defendants deny every allegation and alleged opinion in Exhibit 1 to the FAC.

147.    Defendants deny each allegation in the FAC and Exhibit 1 thereto that they did not specifically admit.

148.    Defendants reserve the right to amend this answer as necessary to conform to the evidence discovered after this answer is filed.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants were not personally involved in the cause in fact and/or the proximate cause of the alleged constitutional deprivations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are time-barred by applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Defendants at all relevant times acted in good faith toward Plaintiffs. Therefore, Defendants are entitled to qualified good faith immunity from damages.

. . .

### FIFTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified and absolute immunity.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to sovereign immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to immunity under the Eleventh Amendment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any, and are therefore barred from seeking any damages hereunder.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs were negligent in their conduct and such negligence is the sole, primary and superseding cause of any damages sustained by them, if any.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring some or all their claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to discretionary immunity from liability because the acts complained of were discretionary in nature or were performed while carrying out a statute or regulation.

### TWELFTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants held a good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages or injuries were caused by fellow servants.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' conduct constitutes a waiver of any alleged wrongful conduct undertaken by Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' conduct ratified any alleged wrongful conduct by Defendants.

1

**SIXTEENTH AFFIRMATIVE DEFENSE**

2

Defendants are immune from liability as a matter of law.

3

**SEVENTEENTH AFFIRMATIVE DEFENSE**

4

Plaintiffs' damages are legally and proximately caused solely by Morgan's conduct.

5

**EIGHTEENTH AFFIRMATIVE DEFENSE**

6

Plaintiffs' negligence caused or contributed to any injuries or damages which

7

Plaintiffs may have sustained and requires that Plaintiffs be denied damages or that their

8

damages be diminished in proportion to the amount of negligence attributable to Plaintiffs.

9

**NINETEENTH AFFIRMATIVE DEFENSE**

10

Defendants cannot be sued for monetary damages while acting in their official

11

capacities in a civil action.

12

**TWENTIETH AFFIRMATIVE DEFENSE**

13

Plaintiffs are estopped from pursuing any claims against Defendants in accordance

14

with equitable principles of jurisprudence.

15

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

16

The doctrines of res judicata and/or collateral estoppel bar Plaintiffs from asserting

17

the matters set forth in their FAC and act as a bar to any relief sought by Plaintiffs.

18

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

19

Plaintiffs' alleged damages or injuries were legally and proximately caused by third

20

parties and Plaintiffs themselves.

21

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

22

Plaintiffs fail to state a cognizable constitutional claim under the United States

23

Constitution or under the Nevada Constitution and/or NRS 41.031 or 41.0322.

24

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

25

At all relevant times, Defendants acted in accordance with applicable law and prison

26

procedures that are constitutionally required.

27

. . .

28

. . .

1

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

2      Plaintiffs' professional negligence claim against Jane Balao, Christopher Shields,

3  and Rosemarie McCrary fails under NRS 41A.071 and is void ab initio.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

4

5      Plaintiffs' claims against Jane Balao, Christopher Shields, and Rosemarie McCrary

6  are barred by laches.

7

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

8      Plaintiffs' claims fail because Defendants were not deliberately indifferent.

9

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

10      Plaintiffs' claims against Jane Balao, Christopher Shields, and Rosemarie McCrary

11  fail because they did not proximately cause Plaintiffs' alleged injuries or damages.

12

### TWENTY-NINTH AFFIRMATIVE DEFENSE

13      Plaintiffs allege no conduct against Defendants for which punitive or exemplary

14  damages could or should be awarded and lack evidence to support punitive damages

15  against any Defendant pursuant to the applicable standards of proof.

16

### THIRTIETH AFFIRMATIVE DEFENSE

17      Permitting punitive damages would violate the Defendants' rights secured by the

18  United States Constitution and Nevada Constitution and any punitive damages award is

19  barred by federal and state statutes, including NRS 41.035.

20

### THIRTY-FIRST AFFIRMATIVE DEFENSE

21      Plaintiffs are not entitled to punitive damages because no act or omission of the

22  Defendants was fraudulent, oppressive, malicious, willful, wanton, with reckless disregard

23  for the safety of others, or with an evil mind.

24

### THIRTY-SECOND AFFIRMATIVE DEFENSE

25      Plaintiffs' alleged damages are capped under NRS 41.035.

26      Defendants reserve the right to amend this answer to allege additional affirmative

27  defenses if so warranted.

28  . . .

WHEREFORE, Defendants pray for relief as follows:

1.  That Plaintiffs take nothing by virtue of their FAC.

2.  That Plaintiffs' claims against Defendants be dismissed with prejudice.

3.  For attorney fees and costs of suit herein.

4.  For such other relief that the Court deems appropriate.

DATED this 12th day of July, 2021.

> AARON D. FORD
> Attorney General
>
> By:___*/s/ Akke Levin*_____
> Akke Levin (Bar No. 9102)
> Senior Deputy Attorney General
> Katlyn M. Brady (Bar No. 14173)
> Senior Deputy Attorney General
> *Attorneys for Defendants Gary Piccinini, Bryan
> Shields, Dwight Neven, Joel Tyning, Nevada
> Department of Corrections, Jane Balao,
> Christopher Shields, and Rosemarie McCrary*