1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BONNIE LOPEZ, individually as sister and Special Administrator for the Estate of MELODY MORGAN, deceased; COLLEEN LACKEY, individually as mother of MELODY MORGAN, deceased,<br><br>                              Plaintiffs,<br><br>        v.<br><br>THE STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF CORRECTIONS, WARDEN DWIGHT NEVEN, individually; GARY PICCININI, ASSISTANT WARDEN, individually; BRYAN SHIELDS, individually; OFFICER JOEL TYNNING, individually; OFFICER KARISSA CURRIER; OFFICER JAZMINA FLANAGAN; NURSE JANE BALAO; NURSE BRIGIDO BAYAWA; NURSE LEILANI FLORES; NURSE ROSEMARY MCCRARY; NURSE MA LITA SASTRILLO; NURSE CHRIS SHIELDS; DOES I through X; and ROE ENTITIES I through X, inclusive,<br><br>                              Defendants. | Case No. 2:21-cv-01161-ART-NJK<br><br>ORDER |

19
20
21
22
23
24
25
26
27
28

      This case arises out of the tragic death of Melody Morgan ("Morgan"), who died by suicide on April 28, 2018, after hanging herself at Florence McClure Women's Correctional Center ("Florence McClure"). Plaintiff Bonnie Lopez ("Lopez") is the special administrator for the Estate of Morgan and is the sister of Morgan. Plaintiff Colleen Lackey ("Lackey") is the mother of Morgan as well as Bonnie Lopez. She brings this action in her own capacity as the mother and as an heir to the decedent. Plaintiffs First Amended Complaint ("FAC") alleges the following causes of action: (1) 42 U.S.C. § 1983 (Eighth Amendment – Deliberate Indifference to Serious Medical Need); (2) 42 U.S.C. § 1983 (Fourteenth Amendment – Loss of Familial Association); (3) Negligence; (4) Wrongful Death;

(5) Gross Negligence; (6) Neglect of Vulnerable Person; (7) Negligent Hiring, Training and Supervision; and (8) Professional Negligence. (ECF No. 1-2.)

Before the court are: (1) Defendant Jazmina Flanigan's Motion for Judgment on the Pleadings on the Prayer for Punitive Damages (ECF No. 52); (2) Defendants Brigido Bayawa, Leilani Flores, Ma Lita Sastrillo's Motion for Judgment on the Pleadings on the Prayer for Punitive Damages (ECF No. 54); (3) Defendant Karissa Currier's Motion for Judgment on the Pleadings (ECF No. 56); Defendants Jane Balao, Rosemary McCrary, Dwight Neven, Gary Piccinini, Bryan Shields, Chris Shields, The State of Nevada ex rel. Nevada Department of Corrections, Joel Tyning's Motion for Judgment on the Pleadings on the Prayer for Punitive Damages (ECF No. 61); Plaintiffs' Motion to Seal Documents (ECF No. 63[1]).

## I.    BACKGROUND

The First Amended Complaint ("FAC") alleges the following. In 2013, Decedent Melody Morgan pled guilty to a felony and was incarcerated at Florence McClure in Nevada. (ECF No. 1-2 at ¶¶ 33–36.) Morgan was later transferred to the Jean Conservation Camp, a minimum-custody camp in Nevada for female offenders. (*Id.* at ¶ 38.) On April 19, 2018, Morgan and another incarcerated individual escaped from the Jean Conservation Camp. (*Id.* ¶ 39.) Law enforcement apprehended Morgan on April 26, 2018, after her mother, Lackey, reported Morgan's location. (*Id.* at ¶¶ 44–45.) Before law enforcement apprehended Morgan, Lackey told Defendant Officer Bryan Shields that Morgan had a history of mental illness and requested that Morgan be put on suicide watch following her apprehension. (*Id.* at ¶¶ 40–42.) Officer Shields relayed Lackey's concern to Defendant Lieutenant Karissa Currier at Florence McClure. (*Id.* at ¶ 13; ¶ 48.) Lieutenant Currier claims that she ordered Officer Flanigan to inform the medical

---

[1] The pleading (ECF No. 63) at issue is a motion to file the response to Nurse Defendant's Motion for Judgment on the Pleadings under seal accompanied by the response as Exhibit A. (ECF No. 63.) The motion to seal is unopposed.

staff at Florence McClure of Lackey's concern, but Officer Flanigan denies that Lieutenant Currier gave her that command. (*Id.* at ¶ 14; ¶¶ 49–50.)

Following Morgan's apprehension, law enforcement took Morgan to Florence McClure on April 26, 2018. (*Id.* at ¶ 51.) The Florence McClure medical staff did not conduct a psychological or psychiatric evaluation of Morgan. (*Id.* at ¶ 53.) Two days later, on April 28, 2018, Morgan hanged herself in her cell at Florence McClure. (*Id.* at ¶ 56; 58.)

## II.    Legal Standard

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings at any time after the pleadings are closed, so long as the motion is filed in sufficient time that it will not delay trial. Fed. R. Civ. P. 12(c). "For the purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1990). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.*

In deciding a motion for judgment on the pleadings, the court generally is limited to the pleadings and may not consider extrinsic evidence.  *See* FED. R. CIV. P. 12(c) (stating that a Rule 12(c) motion for judgment on the pleadings should be converted into a Rule 56 motion for summary judgment if matters outside the pleadings are considered by the court). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Public officials can be liable for punitive damages in their individual

capacities. *Smith v. Wade*, 461 U.S. 30, 51 (1983). Punitive damages are awarded at the jury's discretion. *See Smith*, 461 U.S. at 54 (1983). A jury may award punitive damages under 42 U.S.C. § 1983 when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others. *See Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993) (citation omitted).

NRS 41.035(1) states, in relevant part, that punitive damages are unavailable in an action sounding in tort against officer or employees of the State.

### III.   Defendant Jazmina Flanigan's Motion for Judgment on the Pleadings on the Prayer for Punitive Damages (ECF No. 52)

Plaintiffs have sued Defendant Flanigan for purportedly failing to communicate Lackey's concern that her daughter was a suicide risk to the medical staff and request punitive damages with respect to the Section 1983 claims and the state law claim for gross negligence. Defendant Flanigan argues that the FAC lacks factual support with respect to the prayer for punitive damages and that punitive damages for the state law claim for gross negligence is barred by NRS 41.035(1). In response, Plaintiffs argue that beyond the allegations in the complaint, Plaintiffs have supporting evidence, which they attach, which they claim presents an issue of fact regarding whether Defendant Flanigan's failure to communicate urgent and lifesaving medical information about Melody rises to a conscious or reckless disregard of Melody's safety. Plaintiffs agree that NRS 41.035(1) applies to Plaintiffs' state law claim for gross negligence but does not impact their claims for punitive damages stemming from Defendant Flanigan's actions in her individual capacity under federal law or overall prayer for relief.

The Court need not consider the evidence provided by Plaintiffs and finds that the FAC alleges sufficient facts to support an award for punitive damages against Defendant Flanigan. The FAC itself contains a dispute of material fact

relevant to whether punitive damages are appropriate. Plaintiffs did not use a "shotgun pleading". The FAC states that Defendant Currier alleges that she notified Defendant Flanigan of Plaintiff Lackey's concern about the high risk of Morgan committing suicide. (*Id.* ¶ 49.) Defendant Flanigan alleges that Defendant Currier never notified her of Plaintiff Lackey's concern about the high risk of Morgan committing suicide (*Id.* ¶ 50.) If a jury finds that Defendant Flanigan was alerted to the likelihood that Morgan was a suicide risk and decided to not convey that information, a jury could conclude that Defendant Flanigan acted, at minimum, with conscious disregard for Morgan's safety.

Plaintiffs' prayer for punitive damages in limited to their § 1983 claim and does not extend to their gross negligence claim. As the parties acknowledge, punitive damages are unavailable for Plaintiffs' gross negligence claim under NRS 41.035(1), which states, in relevant part, that punitive damages are unavailable in an action sounding in tort against officer or employees of the State. That section does not preclude a claim for punitive damages against Defendant Flanigan for actions taken in her individual capacity under federal law or overall prayer for relief. (ECF No. 62 at 13.) Because NRS 41.035(1) bars the recovery of punitive damages on state law claims, Defendant Flanagan's motion is granted as to the request for punitive damages on the claim for gross negligence and denied in all other respects.

**IV.  Defendants Nurse Brigido Bayawa, Nurse Leilani Flores, and Nurse Rosemary McCrary ("Nurse Defendants") Motion for Judgment on the Pleadings on the Prayer for Punitive Damages (ECF No. 54)**

Nurse Defendants bring a nearly identical motion alleging (1) the prayer lacks supporting factual allegations that, if true, could support a punitive damages award against the Nurse Defendants, and (2) NRS 41.035(1) bars the recovery of punitive damages on state law claims against the Nurse Defendants. (ECF No. 54.) In response, Plaintiffs argue that beyond the allegations in the

complaint, they have supporting evidence, which they attach, that at a minimum, presents an issue of fact regarding whether Nurse Defendants failure to conduct a proper intake on Melody upon her return to Florence McClure rises to a callous disregard for her safety. Plaintiffs agree that NRS 41.035(1) applies to Plaintiffs' state law claim for gross negligence but does not impact their claims for punitive damages stemming from Nurse Defendants actions in her individual capacity under federal law or overall prayer for relief.

The Court need not consider the evidence provided by Plaintiffs because reading the FAC along with the attached affidavit of Kimberly Pearso, MHA, MBA, RN, CCHP, the Court finds that the FAC provides a sufficient factual basis to support the prayer for punitive damages. Plaintiffs did not use a "shotgun pleading". The FAC alleges that the Nurse Defendants failed to meet the applicable standard of care by: (1) failing to communicate pertinent patient healthcare information; (2) failing to follow and implement established policies set forth to identify patient healthcare needs and risks; (3) failing to supervise and train staff; (4) failing to properly administer CPR compressions and to properly use the automatic external defibrillator; (5) failing to provide and have necessary emergency medical equipment; and (6) failing to protect Morgan, in that no medical or suicide risk assessment was performed upon her return Intake at the facility. (ECF No. 1-2 at ¶ 138.) The attached affidavit goes into some detail about the individual roles of several Nurse Defendants and generally explains that the Nurse Defendants failed to follow policy and conduct a screening. A jury can decide whether, if true, that constitutes evidence that the Nurse Defendants, on whom Morgan necessarily depended, acted in conscious disregard for Morgan's safety.

Because NRS 41.035(1) bars the recovery of punitive damages on state law claims, the motion is granted as to the request for punitive damages on the claim for gross negligence and denied in all other respects.

**V.     Defendant Karissa Currier's Motion for Judgment on the Pleadings on the Plaintiffs' Prayer for Punitive Damages (ECF No. 56)**

Defendant Currier bring a nearly identical motion alleging (1) the prayer lacks supporting factual allegations that, if true, could support a punitive damages award against Defendant Currier, and (2) NRS 41.035(1) bars the recovery of punitive damages on state law claims. (ECF No. 56.) In response, Plaintiffs argue that their allegations meet the notice pleading requirements under the Federal Rules of Civil Procedure. Beyond that, there are material allegations of fact at issue that make a judgment on the pleadings and as a matter of law inappropriate at this juncture. Plaintiffs agree that NRS 41.035(1) applies to Plaintiffs' state law claim for gross negligence but does not impact their claims for punitive damages stemming from actions in Defendant Currier's individual capacity under federal law or overall prayer for relief.

The Court need not consider the evidence provided by Plaintiffs because the FAC provides sufficient factual basis to support the prayer for punitive damages. Plaintiffs did not use a "shotgun pleading". The FAC alleges that Officer Shields notified Defendant Currier of Plaintiff Lackey's concern about the high risk of Morgan committing suicide. Defendant Currier alleges that she notified Defendant Flanigan of Plaintiff Lackey's concern about the high risk of Morgan committing suicide. Defendant Flanigan alleges that Defendant Currier never notified her of Plaintiff Lackey's concern about the high risk of Morgan committing suicide. (ECF No. 1-2, ¶¶ 48-50.) If a jury were to believe Flanigan, that would mean Currier was in possession of information that would have placed Morgan on suicide watch and failed to tell anybody despite telling Shields she would relay the message to the Florence McClure medical unit. If a jury believes Currier conveyed this information to Flanigan but Flanigan failed to communicate the message to medical, then punitive damages would be inappropriate against Currier at that juncture. These are credibility issues and disputes of fact for the

jury to weigh regarding what actions (or inactions) were taken by Defendants Currier and Flanigan on April 26, 2018.

Because NRS 41.035(1) bars the recovery of punitive damages on state law claims, the motion is granted as to the request for punitive damages on the claim for gross negligence and denied in all other respects.

**VI.    Defendants Gary Piccinini, Bryan Shields, Dwight Neven, Joel Tyning, Nevada Department of Corrections, Jane Balao, Christopher Shields, and Rosemarie McCrary Motion for Judgment on the Pleadings on the Plaintiffs' Prayer for Punitive Damages (ECF No. 61)**

Defendants Gary Piccinini, Bryan Shields, Dwight Neven, Joel Tyning, Nevada Department of Corrections, Jane Balao, Christopher Shields, and Rosemarie McCrary bring a nearly identical motion, requesting judgment on the pleadings on the Plaintiffs' prayer for punitive damages alleging (1) the prayer lacks supporting factual allegations that, if true, could support a punitive damages award against these Defendants, and (2) NRS 41.035(1) bars the recovery of punitive damages on state law claims. (ECF No. 61.). In response, Plaintiffs argue that their allegations meet the notice pleading requirements under the Federal Rules of Civil Procedure. Beyond that, there are material allegations of fact at issue that make a judgment on the pleadings and as a matter of law inappropriate at this juncture. Plaintiffs agree that NRS 41.035(1) applies to Plaintiffs' state law claim for gross negligence but does not impact their claims for punitive damages stemming from actions in Defendants' individual capacities under federal law or overall prayer for relief.

The Court need not consider the evidence provided by Plaintiffs because the FAC provides sufficient factual basis to support the prayer for punitive damages. The FAC alleges Defendants Neven, Piccinini, Balao, McCrary, and C. Shields were individuals employed by the Nevada Department of Corrections and residents of the State of Nevada. (ECF No. 1-2) The claims are brought against

Defendants "individually in either their personal capacities (federal claims) and/or official capacity depending on the claims alleged and were acting under color of state law and/or custom or policy of certain rights." (*Id.*) Plaintiffs did not use a "shotgun pleading". Plaintiffs allege Defendant Neven and Piccinini "failed to communicate to Florence McClure staff that Morgan was at risk of committing suicide and failed to sufficiently instruct staff and/or officers to supervise Morgan under adequate suicide prevention policies and protocols." The allegations against Defendants Balao, McCrary, and C. Shields include: (1) a failure "follow and implement policies set forth to identify patient healthcare needs and risks", (2) a failure to "provide and have necessary emergency equipment available in the instance of a suicide", (3) a failure "properly initially and apply CPR compressions", (4) a failure "to use the automatic external defibrillator" resulting in a deliberate "indifference to Morgan's serious medical needs by delaying and/or denying her treatment for her injuries". (*Id.*) Nurses, which includes Balao, Shields, and McCrary, allegedly breached the professional duty of care to Morgan, as pointed out by expert Kimberly Pearson. A jury could find that their alleged breach rose to a level of deliberate indifference warranting punitive damages. The request for punitive damages arises directly out of the acts or omissions alleged in the FAC.

Because NRS 41.035(1) bars the recovery of punitive damages on state law claims, the motion is granted as to the request for punitive damages on the claim for gross negligence and denied in all other respects.

**VII.   Conclusion**

The FAC contains sufficient factual allegations to support claims for punitive damages against Defendants. Because NRS 41.035(1) bars the recovery of punitive damages on state law claims, the motion is granted as to the request for punitive damages on the claim for gross negligence, the only state law claim for which punitive damages are requested and denied in all other respects.

1

2      IT IS THEREFORE ORDERED that Defendants' motions for judgment on

3 the pleadings on the prayer for punitive damages (ECF Nos. 52; 54; 56; 61) are

4 DENIED in part and GRANTED in part consistent with this Order.

5      IT IS FURTHER ORDERED that Plaintiff's' motion to seal (ECF No. 63) is

6 GRANTED.

7

8

9      DATED THIS 22nd day of May 2023.

10

11

12 _____

13 ANNE R. TRAUM
   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28