UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BONNIE LOPEZ, et al.,<br>    Plaintiff(s),<br>v.<br>THE STATE OF NEVADA, et al.,<br>    Defendant(s). | Case No.: 2:21-cv-01161-ART-NJK<br><br>**ORDER**<br><br>[Docket No. 144, 145, 146] |

Pending before the Court are Plaintiffs' motions to compel discovery from (1) Defendant Officer Jazmina Flanigan; (2) Defendant Karissa Currier; and (3) Defendants Gary Piccinini and Dwight Neven. Docket Nos. 144, 145, 146. Defendants filed their corresponding responses in opposition. Docket Nos. 151, 156, 164. Plaintiffs filed their corresponding replies. Docket Nos. 175, 177, 179. These motions are properly resolved without a hearing. Local Rule 78-1. For the reasons discussed below, the motions to compel are **DENIED**.

The Court has broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court also has broad authority to enforce the case management deadlines established in its scheduling order. *See, e.g.*, *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). A motion to compel must not be filed with undue delay. *V5 Techs. v. Switch, Ltd.,* 332 F.R.D. 356, 360-61 (D. Nev. 2019). In addition, "[a] motion to compel filed after the dispositive motion deadline is presumptively untimely because continuing to entertain discovery matters at that juncture interferes with the advancement of the case to the merits phase."[1] *Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1247 (D. Nev. 2020). "A finding of untimeliness, standing alone, dooms a motion to compel regardless of tis substantive merits." *Id*.

---

[1] Courts sometimes analyze a variety of factors in deciding whether a discovery motion was filed with undue delay, but such analysis is generally not required when a motion to compel is filed after the dispositive motion deadline since it is presumptively untimely. *E.g.*, *V5 Techs.*, 332 F.R.D. at 361 n.3. However, had this Court considered the relevant factors, the factors would have weighed in favor of finding Plaintiffs' motions untimely.

In this case, the scheduling order, which was extended on six occasions, established the dispositive motion deadline as February 13, 2023. *See* Docket No. 46. Plaintiffs did not file the instant motions until July 18, 2023—over five months after the dispositive motion deadline. *See* Docket No. 144, 145, 146. Hence, the motions are untimely on their face and no unusual circumstances warranted such a delay. While Plaintiffs submit that they waited to file the instant motions to compel until after the Court issued its decision on the pending motions for judgment on the pleadings to preserve judicial resources, Docket Nos. 144 at 12, 145 at 12, 146 at 12, raising a discovery dispute six months after the close of discovery does not accomplish this goal. Further, Plaintiffs waited 29 days after the resolution of those motions to engage in a further meet and confer and did not file the motions until 29 days after the meet and confer, which was a full 57 days after the Court resolved the motions. Plaintiffs make no attempt to justify this delay.

In any event, the caselaw in this District is clear that the filing of a potentially meritorious dispositive motion does not, in itself, stay discovery. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."). In this case, the Court did not grant a stay of discovery pending the resolution of Defendants' motions; therefore, no legitimate reasons to delay the filing of any discovery motions existed.

Moreover, multiple defendants have moved for summary judgment, Docket Nos. 69, 74, 80, and continuing to hear discovery disputes at this juncture "would disrupt the court's management of its docket and defeat the purpose of the Scheduling Order." *Gray v. Cox*, 2016 WL 4367236, at *3 (D. Nev. Aug. 12, 2016).

Accordingly, Plaintiffs' motions to compel are **DENIED**. Additionally, Plaintiffs' requests for attorney fees are **DENIED**.

IT IS SO ORDERED.

Dated: August 30, 2023

                                                                                    Nancy J. Koppe
                                                                                     United States Magistrate Judge